Per Curiam.
We have given this case a good deal of consideration, but, in the view" now taken, it is only necessary to state the conclusions we have arrived at: The evidence and findings of the court show a gross violation of one of the most firmly established principles of law on the part of the two defendants who were trustees of the Adams Company; and they also show that the fruits of such violation were received and partaken of by the other defendant and by the plaintiff with the full knowledge of the illegal and corrupt character of the whole transaction. The court below treated the contract as illegal, and refused its aid to any of- the parties. There is a claim made that, even if the contract were of an illegal character, yet it was so far completed that the only question left was in regard to a proper division of the profits among the parties to the contract, and that in such event the transaction comes within the rule laid down in Brooks v. Martin, 2 Wall. 70. Whether this case comes within that rule, and whether, if it did, the rule itself has been affirmed in this state, it is not now necessary for us to decide. Nor is it necessary to decide as to the power of the6,court to itself refuse to aid where the parties to the transaction do not take the objection. Some of us would hesitate long before deciding either point in favor of the plaintiff. Here, however, we have other facts. The action is brought for a general accounting by all the defendants to and with the plaintiff. The case shows, and the court finds, that there was a full and complete settlement of accounts in regard to the whole 'transaction between plaintiff and Taft, in Paris, which we hold to be a good answer to this action. The plaintiff alleged that the so-called “ settlement ” was only a conditional one, but the court finds against him on that point. He also attempted to prove that it was a settlement induced by fraudulent representations, but he failed in his attempt, and the court finds the settlement to have been valid. This action for an accounting between all the parties cannot, therefore, be maintained ; and the cause of action against the defendant Taft alone, upon the settlement at Paris, is a wholly separate and different one from that set forth in the complaint *675 herein. The proof in this case left that cause of action unproved, in its entire scope and meaning, and the court was therefore right in dismissing the complaint. It was not bound to retain the case, as against one, only, of the several defendants, for the purpose of enabling the plaintiff to prove another and different cause of action against him alone.
We think the judgment should be affirmed, with costs.
All concur.
Judgment affirmed.